E-FILED
Friday, 24 April, 2026  01:18:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JUAN MANZANARES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-04151-SLD-RLH |
| | ) | |
| MICHAEL OSLANZI and CITY OF | ) | |
| SPRING VALLEY, ILLINOIS | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court are Defendants Michael Oslanzi and City of Spring Valley, Illinois's

motion for leave to file under seal, ECF No. 11, motion to dismiss, ECF No. 12, and motion for

leave to file a reply, ECF No. 14.  For the reasons that follow, Defendants' motion to dismiss and

motion for leave to file a reply are DENIED and their motion for leave to file under seal is

MOOT.

BACKGROUND[1]

On February 22, 2025, Plaintiff Juan Manzanares was arrested by officers from the

Spring Valley Police Department.  Manzanares was handcuffed in the front of his body and

placed in the backseat of a Spring Valley law enforcement vehicle driven by Oslanzi.  Before

taking Manzanares to Bureau County Jail, Oslanzi drove Manzanares to the hospital for medical

clearance.  At the hospital, "in an apparent attempt to escort [Manzanares] from the backseat of

[Oslanzi's] SUV . . . Oslanzi put [Manzanares] into a headlock, grabbed [him] by his handcuffs,

and violently pulled [him] out of [the] SUV by the handcuffs, causing [him] to land on the

---

[1] When ruling on a motion to dismiss, a court must take all of the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).  Unless otherwise noted, the facts set forth are taken from the Complaint, ECF No. 1.

1

pavement, unprotected, onto his left shoulder."  Compl. 2, ECF No. 1.  As a result, Manzanares

suffered a torn rotator cuff and injuries to his hands and wrists.  He required shoulder surgery

and extensive physical therapy to recover.  He could not continue working as a machinist and

suffered damages including physical and emotional pain, lost wages, and medical bills.

Manzanares's complaint brings three counts: Fourth Amendment excessive force under §

1983 against Oslanzi; battery under Illinois law against Spring Valley; and indemnification under

Illinois law against Spring Valley.  Compl. 3–5.  Defendants jointly filed a motion to dismiss all

counts under Federal Rule of Civil Procedure 12(b)(6).  *See generally* Mot. Dismiss.  They attach

seven videos to their motion to dismiss, *see* Mot. Dismiss Exs. B–H, ECF Nos. 12-2 to 12-8, and

move for leave to file four of the video exhibits under seal, *see generally* Mot. Leave File Under

Seal.  Defendants also move for leave to file a reply, Mot. Leave File Reply, to which

Manzanares has not responded.

## DISCUSSION

### I.     Motion for Leave to File Reply

"A reply to the response is only permitted with leave of Court."  Civil LR 7.1(B)(3).

"Typically, reply briefs are permitted if the party opposing a motion has introduced new and

unexpected issues in his response to the motion, and the Court finds that a reply from the moving

party would be helpful to its disposition of the motion . . . ."  *Shefts v. Petrakis*, No. 10-cv-1104,

2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011).  Here, Defendants request leave to file a

reply to (1) argue that the video exhibits attached to their motion to dismiss can properly be

considered by the Court and (2) address Manzanares's arguments in response to the video

exhibits.  Mot. Leave File Reply ¶ 5.  However, none of the arguments raised by Manzanares in

his response should have been unexpected.  *See generally* Resp., ECF No. 13.  As such,

Defendants' motion for leave to file a reply is DENIED.

### II.    Motion to Dismiss

#### a.  Legal Standard

A court can dismiss a complaint if it fails to state a claim upon which relief can be

granted.  Fed. R. Civ. P. 12(b)(6).  In determining whether such a claim has been stated, a court

should consider the complaint's well-pleaded factual allegations and "determine whether they

plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In

addition to the allegations in the complaint itself, a court can consider "documents attached to the

complaint, documents that are critical to the complaint and referred to in it, and information that

is subject to proper judicial notice" when ruling on a motion to dismiss.  *Geinosky v. City of

Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).  The court must accept all well-pleaded

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

*Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934–35 (7th Cir. 2012).

#### b.  Analysis

In their motion, Defendants raise several arguments for why Manzanares's complaint

should be dismissed.[2]  First, they argue that his battery and indemnification claims are barred by

statutory immunity under the Illinois Tort Immunity Act because Oslanzi was engaged in law

enforcement activities during the events at issue and the video exhibits "establish as a matter of

law that . . . Oslanzi's actions do not rise to willful and wanton conduct."  *Id.* at 7–10.  Next,

Defendants argue that the battery and indemnification claims must be dismissed because the

---

[2] The Court also notes that the proper heading for motions to dismiss based on affirmative defenses is a Rule 12(c) motion rather than a 12(b)(6) motion, "since an affirmative defense is external to the complaint."  *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 n.1 (7th Cir. 2012).

videos show that Oslanzi's contact with Manzanares was legally justified given Manzanares's resistance. *Id.* at 10–11. Turning to the excessive force claim, Defendants assert that it "must be dismissed because the videos establish that the force used was objectively reasonable under the circumstances." *Id.* at 11–13. Finally, Defendants argue that Oslanzi is entitled to qualified immunity, asserting that "the videos show [Manzanares] was resisting removal from the vehicle and disobeyed . . . commands to exit the vehicle," and so, "[a]bsent case law at the time that would establish beyond debate that this was a constitutional violation," it was not clearly established that Oslanzi's actions violated Manzanares's constitutional rights. *Id.* at 13–15 (quotation marks omitted). The video exhibits are integral to all of Defendants' arguments. As such, if the Court decides that it cannot or will not consider the exhibits, the motion must be denied. The Court will now determine whether to consider the exhibits.

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). "If . . . matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The incorporation-by-reference doctrine "is an exception under which a court may consider documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim." *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022). This exception is "narrow" and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Rather, it "prevents a plaintiff from avoiding dismissal by omitting facts or documents that undermine his case." *Fin Fiduciaries*, 46 F.4th at 663. When documents attached to a motion to dismiss do not fit this narrow exception, a

4

court has "complete discretion" to either consider the extra material and convert the motion to one for summary judgment or exclude the extra material. 5C Wright & Miller's Federal Practice & Procedure § 1366 (3d ed. Apr. 2021 Update); *see also Levenstein*, 164 F.3d at 347.

Defendants argue that the video footage should be considered under a recent "extension" of the incorporation-by-reference doctrine, under which they allege courts consider video footage "not referred to or attached to the complaint at the motion to dismiss stage if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not reasonably challenged." Mot. Dismiss. 2–6. Manzanares opposes consideration of the footage, arguing that the incorporation-by-reference doctrine does not apply. Resp. 2–6. The Court agrees with Manzanares—Defendants misstate the law, and the complaint does not reference any of these video exhibits. Defendants rely on several cases to support their argument that these videos should be considered, but their reliance on these cases is misplaced for several reasons.

First, both cited opinions from within the Seventh Circuit still require the exhibits be referenced in the complaint, although Defendants try to bypass that element of the courts' analyses. In *Avitia v. City of Chicago*, No. 23 CV 15957, 2024 WL 2274101 (N.D. Ill. May 20, 2024), the court described the incorporation-by-reference doctrine as "permit[ting] the [c]ourt to consider materials outside the pleadings in a ruling on a 12(b)(6) motion *when the materials are referenced in the plaintiff's complaint*." *Id.* at *4 (emphasis added). Similarly, *Esco v. City of Chicago*, 107 F.4th 673 (7th Cir. 2024), stated that courts "may examine exhibits, including video exhibits, attached to the complaint, *or referenced in the pleading* if they are central to the claim." *Id.* at 678 (emphasis added).

Second, the complaints in both cases reference information of which the plaintiffs did not have personal knowledge and that was contained within the exhibits in question. The complaint

in *Esco* "did not attach video from the body-worn cameras, but he relied on it for the allegations in his complaint that the officers 'can be heard on body-worn camera discussing the fact that [the plaintiff] was not the individual they saw with the gun.'" *Esco*, 107 F.4th at 678. And the complaint in *Avitia* "references conversations that the officers had outside of his presence that were captured by the footage." *Avitia*, 2024 WL 2274101, at *4. In this case, Manzanares's complaint makes no explicit reference to any video exhibits. *Compare* Compl., *with Esco*, 107 F.4th at 678. Additionally, Manzanares's complaint does not include any implicit reference to video exhibits by including factual allegations of incidents that occurred outside of his presence but of which he is aware due to some other type of documentation. *Compare* Compl., *with Avitia*, 2024 WL 2274101, at *4.

Third, none of the plaintiffs in Defendants' cited cases within the Seventh Circuit objected to the courts' consideration of the exhibits. *See Avitia*, 2024 WL 2274101, at *4; *Esco*, 107 F.4th at 678 ("[The plaintiff] concedes that the district court could consider the video from the body-worn cameras, as [he] referenced it in his complaint and according to [him], it was 'dispositive of the issue of probable cause.'"). Similarly, the plaintiff in *Zahareas v. Raoul*, No. 23 C 3423 (N.D. Ill. Nov. 21, 2025), requested the court consider the video footage at the motion to dismiss stage. *See Zahareas* Mot. Dismiss Hr'g Tr. 50:8–17, Mot. Dismiss Ex. A, ECF No. 12-1[3] ("[The plaintiff's] response brief also asks the Court to consider the video footage."). And fourth, Defendants also cite *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024); *see* Mot. Dismiss 3, to support their interpretation of the incorporation-by-reference doctrine, but *Johnson* is not persuasive—Seventh Circuit case law is clear about the requirements for exhibits

---

[3] The Court can take judicial notice of court proceedings when considering a motion to dismiss. *Gen. Elec. Cap Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). As such, it considers the *Zahareas* Motion to Dismiss Hearing Transcript.

to be considered under the incorporation-by-reference doctrine.  In short, the videos Defendants attached to their motion are not mentioned or referenced in any way in the Complaint, *see generally* Compl, and Manzanares objects to their consideration, Resp. 2–6.  As such, the narrow incorporation-by-reference doctrine does not apply in this case.

The Court must now decide whether to exercise its discretion and convert this motion into one for summary judgment.  *See Levenstein*, 164 F.3d at 347; *see also* 5C Wright & Miller's Federal Practice & Procedure § 1366 (3d ed. Nov. 2025 Update) ("[The court's] discretion generally will be exercised on the basis of the district court's determination of whether the proffered material—and the resulting conversion from the Rule 12(b)(6) and Rule 56 procedure—is likely to facilitate the disposition of the action." (collecting cases)).  The Court exercises its discretion to decline to convert the motion to dismiss to one for summary judgment; discovery may provide additional factual context that will be helpful to the Court.[4]  Because Defendants' arguments all rest on video footage the Court is not considering, their motion to dismiss is DENIED.  *See, e.g.*, *Nutrien Ag Sols., Inc. v. Consol. Grain & Barge Co.*, No. 4:21-cv-04091-SLD-JEH, 2022 WL 673700, at *3 (C.D. Ill. Mar. 7, 2022).

## CONCLUSION

Accordingly, Defendants Michael Oslanzi and City of Spring Valley, Illinois's motion to dismiss, ECF No. 12, and motion for leave to file a reply, ECF No. 14, are DENIED.  Because the Court declines to consider Defendants' exhibits B through H, ECF Nos. 12-2 to 12-8, Defendants' motion for leave to file under seal, ECF No. 11, is MOOT and so the exhibits remain under seal.

---

[4] Manzanares asserts that "[t]he record in this case needs to be developed."  Resp. 10.  Defendants exclusively argue that the exhibits they attach to the motion to dismiss can properly be considered under the incorporation-by-reference doctrine, so they make no argument about whether the Court should convert their motion to a summary judgment motion, *see generally* Mot. Dismiss.

Defendants are DIRECTED to file an answer to the Complaint, ECF No. 1, within fourteen days.

*See* Fed. R. Civ. P. 12(a)(4)(A).

Entered this 24th day of April, 2026.

s/ Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE
